Filed in Open Court
10-19-22
Skyler B. O'Hara
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## (TOPEKA DOCKET)

UNITED STATES OF AMERICA

        Plaintiff,

  v.

JEREMIAS SANCHEZ,

        Defendant.

Case No. **22-40028-TC**

### PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Gregory G. Hough, and the defendant, JEREMIAS SANCHEZ, personally and by and through his counsel, Rich Federico, Senior Litigator, Federal Public Defender, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**

The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. §§ 1791(a)(2), (b)(3) and (d)(1)(B), that is, Possessing Contraband, a Shank, In Prison. By entering into this Plea Agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is a term of

1

imprisonment of not more than five (5) years, not more than three (3) years supervised release in addition to any term of imprisonment ordered by the court, a $250,000 fine, and a mandatory assessment of $100.00 immediately to the crime victims fund.

2.  **Factual Basis for the Guilty Plea.**

The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On or about April 12, 2022, in the District of Kansas, the defendant, JEREMIAS SANCHEZ, an inmate of the United States Penitentiary Leavenworth, Kansas, a Federal correctional, detention, and penal facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, possessed a prohibited object, to wit: a hand-made weapon approximately 4 inches long made out of metal, sharpened to a point, with a brown cloth handle and designed and intended to be used as a weapon. This is in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3) and (d)(1)(B).

3.  **Application of the Sentencing Guidelines.**

The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines.  The defendant agrees to waive all constitutional challenges to the validity of the Guidelines.  The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay.  Nothing in this section prevents

the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.**

The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.**

In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)   to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(b)   to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty;

(e)     to recommend a sentence at the low end of the appropriately calculated Guideline range, to be served consecutively to any sentence of imprisonment imposed in D.Kan.No. 5:20CR40055-001-TC.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be

4

admissible against him in any and all criminal proceedings.  The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.    **Sentence to be Determined by the Court.**

The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence he will receive.

7.    **Withdrawal of Plea Not Permitted.**

The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8.    **Payment of Special Assessment.**

The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in Paragraph 5 of this agreement.  The defendant has the burden of establishing an inability to pay the required special assessment.

The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10.   **F.O.I.A. and Privacy Act Waiver.**

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11.   **Full Disclosure by United States.**

The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject

6

only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

12.     **Parties to the Agreement.**

The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13.     **Voluntariness of Guilty Plea.**

The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

GREGORY G. HOUGH
Assistant United States Attorney

Digitally signed by Gregory G. Hough
Date: 2022.09.20 12:13:05 -05'00'
Date:_____

Jared Maag
Assistant United States Attorney
Criminal Coordinator
Supervisor

Digitally signed by JARED MAAG
Date: 2022.09.20 13:39:19 -05'00'

Date:_____

JEREMIAS SÁNCHEZ
Defendant

Date: 10-19-12

Rich Federico
Senior Litigator
Federal Public Defender
District of Kansas
Counsel for Defendant
Rich_Federico@fd.org

Date: 10/19/2022

8